**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RAUL C. ZAPATA,

      Plaintiff,

v.                                    No. CIV-06-1108 MCA/KBM

ATTORNEY RAUL LOPEZ,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court

applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This is Plaintiff's second complaint arising from his state criminal prosecution. The complaint names as the Defendant an attorney under contract to the state public defender's office assigned to represent Plaintiff. Plaintiff alleges that Defendant Lopez violated his right to effective assistance of counsel by lying to Plaintiff and refusing to speak to him or file papers on his behalf. In a supplement to the complaint, Plaintiff alleges that Chief Public Defender John Bigelow assigned Defendant Lopez to Plaintiff's case in retaliation for the disqualification of former counsel Susan Porter. Ms. Porter was named as Defendant in Plaintiff's previous complaint. The complaint seeks damages.

As in the previous action, Plaintiff's allegations fail to state claims on which relief can be granted against Defendant Lopez or Mr. Bigelow. A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991); *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Polk County v. Dodson*, 454 U.S. 312, 316 (1981). Case law is clear that neither a private attorney nor a public defender undertaking a defense acts under color of state law for purposes of § 1983. *See Polk County*, 454 U.S. at 325; *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 266 (10th Cir. 1994); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 4) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff is required to make monthly payments of twenty

per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

    IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

                                                                                 UNITED STATES DISTRICT JUDGE